IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.   No. 1:25-cv-00018-KK

COLFAX COUNTY and
THE EIGHTH JUDICIAL DISTRICT COURT,

    Defendants.

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ORDER GRANTING LEAVE TO FILE ELECTRONICALLY AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 5, filed January 8, 2025 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 8, 2025 ("Application"), and Plaintiff's Motion for Leave to File Electronically, Doc. 3, filed January 8, 2025.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $1,000.00; (ii) Plaintiff's monthly expenses total $4,430.00;[1] and (iii) Plaintiff has $20.00 in cash and no funds in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her total monthly expenses exceed her monthly income.

**Motion for Leave to File Electronically**

> Plaintiff states:
>
> Plaintiff Geneva Langworthy moves for leave to file using her PACER CM/ECF account. There is not one word in the US Constitution giving lawyers a greater right of access to the courts than We the People. The US District Court for "New" Mexico is violating the constitutional rights of the people by failing to provide electronic case initiation. The Plaintiff does not have access to printing OR US Postal Mail. Plaintiff will amend her complaint after she is granted leave to file electronically. THIS COMPLAINT IS VALID ON ITS FACE.

Motion for Leave to File Electronically at 1 (emphasis in original). Plaintiff has not cited, and the Court has not found, any legal authority establishing a right for *pro se* litigants to initiate a case electronically without permission from the Court.

---

[1] Plaintiff states her total monthly expenses are $2,000, but the sum of the individually identified expenses is $4,430. *See* Application at 4-5.

The Court grants Plaintiff permission to file electronically in this case. *See* Guide for Pro Se Litigants § 3(b)(3)(A) (Rev. June 2024) ("Pro se parties may register for a CM/ECF account, but must request permission from the Court to file electronically"). The Court will revoke permission to file electronically if Plaintiff abuses her electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

**Order to Show Cause**

Plaintiff alleges she is disabled, cannot use the dumpsters where she lives, cannot manipulate papers or envelopes, requested reasonable accommodations from Defendants, and Defendants failed to accommodate Plaintiff's disabilities. *See* Complaint at 1-3. Plaintiff asserts a due process claim against Defendant Eighth Judicial District Court pursuant to 42 U.S.C. § 1983 and reasonable accommodation claims against Defendants Colfax County and the Eighth Judicial District Court pursuant to Title II of the Americans with Disabilities Act. *See* Complaint at 1-3.

Plaintiff has recently filed a previous case against Colfax County, the Eighth Judicial District Court and the State of New Mexico asserting claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. *See* Doc. 1, filed December 5, 2024, in *Langworthy v. New Mexico*, No. 1:24-cv-01229-KG-LF ("*Langworthy I*"); Doc. 9, filed January 3, 2025, in *Langworthy I*. Plaintiff's amended complaint in *Langworthy I* is due January 29, 2025.

It appears this case may be duplicative of *Langworthy I*.

3

> District courts have discretion to control their dockets by dismissing duplicative cases. *See Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Long ago, the Supreme Court captured the general principle regarding claim-splitting:
>
>> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.
>
> *The Haytian Republic,* 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894) (quotation omitted); *see also Curtis v. Citibank, N.A.,* 226 F.3d 133, 139 (2d Cir.2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."). We have noted that "more recent cases analyze claim-splitting as an aspect of res judicata." *Hartsel,* 296 F.3d at 986 (collecting cases); *see also Stone v. Dep't of Aviation,* 453 F.3d 1271, 1278 (10th Cir.2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions.").

*Katz v. Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011); *Park v. TD Ameritrade Trust Co., Inc.*, 461 Fed.Appx. 753, 755 (10th Cir. 2012) ("District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions"). Bringing related claims in multiple lawsuits before other Judges "waste[s] scarce judicial resources and undermines the efficient and comprehensive disposition of cases." *Katz v. Gerardi*, 655 F.3d at 1217.

The Court orders Plaintiff to show cause why the Court should not dismiss this case as duplicative of *Langworthy I*. Plaintiff must show: (i) that the claims in this case differ significantly from those in *Langworthy I;* and (ii) why any new claims Plaintiff is bringing in this case that are not duplicative of her claims in *Langworthy I* cannot be brought in her amended complaint in

4

*Langworthy I*. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay"). If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The Amended Complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of a summons and the Complaint on Defendants at this time because Plaintiff has stated she will file an amended complaint after the Court grants Plaintiff leave to file electronically and because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

5

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 8, 2025, is **GRANTED.**

(ii)   Plaintiff's Motion for Leave to File Electronically, Doc. 3, filed January 8, 2025, is **GRANTED.**

(iii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**