IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.  No. 1:25-cv-00018-KK

COLFAX COUNTY,
EIGHTH JUDICIAL DISTRICT COURT and
STATE OF NEW MEXICO,

    Defendants.

## ORDER FOR SECOND AMENDED COMPLAINT, ORDER REGARDING SERVICE ORDER REGARDING VENUE AND NOTICE

Geneva Langworthy, who is proceeding *pro se*, is the plaintiff in six cases in this Court:

(i)     *Langworthy v. New Mexico State Police*, No. 1:23-cv-00684-DHU-JFR (dismissed for lack of subject-matter-jurisdiction due to Eleventh Amendment immunity) ("*Langworthy I*");

(ii)    *Langworthy v. Colfax County Sheriff*, No. 1:23-cv00997-DHU-JFR (dismissed for failure to state a claim and because Plaintiff did not comply with the Order to file an amended complaint) ("*Langworthy II*");

(iii)   *Langworthy v. Seidel*, No. 1:23-cv-01028-DHU-JFR (dismissed for failure to state a claim and because Plaintiff did not file a response to the Order to Show Cause and an amended complaint) ("*Langworthy III*");

(iv)   *Langworthy v. New Mexico*, No. 1:24-cv-1229-KG-LF (pending) ("*Langworthy IV*");

    (v)    *Langworthy v. Alcon*, No. 1:24-cv-1291-MLG-KRS (removed from state court; pending) ("*Langworthy V*);

    (vi)    *Langworthy v. Colfax County*, No. 1:25-cv-00018-KK (this case) ("*Langworthy VI*).

**Order for Second Amended Complaint**

The Court ordered Plaintiff to show cause why the Court should not dismiss this case as duplicative of *Langworthy IV* and to file an amended complaint. *See* Order to Show Cause Doc. 6, filed January 14, 2025. The Court notified Plaintiff that the amended complaint must comply with the Federal and Local Rules of Civil procedure and quoted Rule 10(b) of the Federal Rules of Civil Procedure which states: "A party must state its claims or defenses in numbered paragraphs." Order to Show Cause at 4-5.

Plaintiff filed an Amended Complaint but did not file a response to the Order to Show Cause. *See* Amended Complaint, Doc. 7, filed January 16, 2025. The paragraphs in the 64-page Amended Complaint are not numbered.

The Court orders Plaintiff to file a second amended complaint. The second amended complaint must comply with the Federal and Local Rules of Civil Procedure and must have numbered paragraphs. There are only three Defendants in this case. The second amended complaint shall not exceed 50 pages in length. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) ("The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made."). The second amended complaint must clearly identify each claim Plaintiff is asserting against each Defendant and the facts supporting each claim. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a

claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Order Regarding Service**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 and Rule 4(c)(3) of the Federal Rules of Civil Procedure require that the Court order service if a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. The Court notified Plaintiff that the Court will order service if Plaintiff files an amended complaint that states a claim over which the Court has jurisdiction and files a motion for service which includes the address of each Defendant. *See* Order to Show Cause at 5.

Plaintiff has filed a Motion for Service, Doc. 11, filed January 27, 2025, an Amended Motion for Service, Doc. 14, filed January 30, 2025, and a Motion to Order Issuance of Summonses, Doc. 15, filed February 3, 2025.

The Court denies Plaintiff's Motion for Service because Plaintiff has filed an Amended Motion for Service. The Court denies Plaintiff's Amended Motion for Service without prejudice because the Court is ordering Plaintiff to file a second amended complaint and because the Court has an obligation, discussed below, to ensure the inexpensive determination of this case. The Court denies Plaintiff's Motion to Order Issuance of Summonses because it is the Court's obligation pursuant to Rule 4 and Section 1915 to order service. Neither Rule 4 nor Section 1915 specify any time requirement for ordering service. Ordering service, or allowing Plaintiff to serve Defendants, before Plaintiff files the second amended complaint will cause the Court and the Parties to needlessly expend resources. The Court will order service if Plaintiff: (i) files a second amended

complaint that states a claim over which the Court has jurisdiction; and (ii) files another motion for service which includes the address of each Defendant named in the second amended complaint.

**Order Regarding Venue**

Plaintiff moves "for an order enjoining the U.S. District Court for the District of New Mexico from hearing this case" stating: (i) the undersigned is a "hostile judge," "is the direct beneficiary of the political Left's war on white Americans" and that the "biggest reason that Kirtan Khalsa enjoys power and affluence, while Ms. Langworthy has no running water and no septic where she lives, is because of the difference in the color of their skin;" (ii) "[i]t will be impossible to get a fair jury in this case, because of the prevalence and ubiquity of Hispanic racism in New Mexico;" (iii) "Ms. Langworthy, whose ancestors founded and built America, believes that people should be able to get civil relief through the courts, regardless of the ability to afford an attorney, and without the requirement of slavish obsequy to the assigned judge; and (iv) "Perhaps the biggest reason that this case should be transferred to a different state is that the judges are embedded in New Mexico and its politics, and the routine facts of Hispanic racism and sexism; the culture of incompetence and inaction; and the practice of ignoring the Americans with Disabilities Act . . . New Mexico is not really part of the United States."  Plaintiff's Motion for Injunction Moving this Case to Neutral State, Doc. 16, filed February 7, 2025 ("Motion for Change of Venue").  Plaintiff request that this case be transferred to the District of Wyoming.

The Court denies Plaintiff's Motion for Change of Venue.  Plaintiff has not shown that the District of New Mexico is the wrong venue, that this case might have been brought in the District of Wyoming, or that all parties in this case have consented to transfer to the District of Wyoming. *See* 28 U.S.C. § 1391 (an action may be brought in any district in which any defendant resides or in which a substantial part of the acts or omissions giving rise to the claim occurred);

28 U.S.C. § 1406(a) (a district court in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought); 28 U.S.C. § 1404 (for the convenience of parties and witnesses, a district court may transfer an action to any district where it might have been brought or to any district to which all parties have consented).  Plaintiff has not cited any legal authority in support of her Motion for Change of Venue.  *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

**Notice Regarding Compliance with Orders and Rules**

The Court previously notified Plaintiff of her obligation to become familiar with and to comply with the Federal and Local Rules of Civil Procedure.  *See* Order to Show Cause at 5.  The Court also notified Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure including the requirement that to the best of Plaintiff's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that Plaintiff's factual contentions are warranted on the evidence.  *See* Order to Show Cause at 6.  Despite the Court's prior notice, Plaintiff did not number the paragraphs in her Amended Complaint which makes it difficult for Defendants, who must admit or deny each of Plaintiff's allegations, to file an answer to the Amended Complaint.  *See* Fed. R. Civ. P. 8(b) (requiring defendants to admit or deny the allegations asserted against them in a pleading).  Some of the statements in Plaintiff's Motion for Change of Venue are false, have no reasonable basis and clearly were not made after a reasonable inquiry.

The Court and the Parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  If Plaintiff continues to not comply with Court Orders and the Federal and Local

Rules of Civil Procedure after having been notified of her obligation to comply, then such failure to comply will indicate Plaintiff is either unwilling or unable to comply. If Plaintiff is unwilling or unable to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court must issue orders to ensure the speedy and inexpensive determination of this case.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Service, Doc. 11, filed January 27, 2025, is **DENIED.**

(ii) Plaintiff's Amended Motion for Service, Doc. 14, filed January 30, 2025, is **DENIED without prejudice.**

(iii) Plaintiff's Motion to Order Issuance of Summonses, Doc. 15, filed February 3, 2025, is **DENIED.**

(iv) Plaintiff's Motion for Injunction Moving this Case to Neutral State, Doc. 16, filed February 7, 2025, is **DENIED.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**