IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                                                                        No. 1:25-cv-00018-KG-KK

COLFAX COUNTY and
THE EIGHTH JUDICIAL DISTRICT COURT,

    Defendants.

**ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

*Pro se* Plaintiff sought "interlocutory review of the Order denying injunctive relief and due process to the Plaintiff, issued by Kirt[a]n Khalsa on February 10, 2025." Notice of Appeal, Doc. 20, filed February 11, 2025. Plaintiff now seeks leave to proceed *in forma pauperis* on appeal. *See* Motion to Proceed *IFP* on Appeal, Doc. 24, filed March 12, 2025. Plaintiff contends she should be granted leave to proceed *in forma pauperis* on appeal because she has been granted leave to *proceed in forma pauperis* in District Court.

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987); *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

    Plaintiff moved:

> "for an order enjoining the U.S. District Court for the District of New Mexico from hearing this case" stating: (i) the undersigned is a "hostile judge," "is the direct beneficiary of the political Left's war on white Americans" and that the "biggest reason that Kirtan Khalsa enjoys power and affluence, while Ms. Langworthy has no running water and no septic where she lives, is because of the difference in the color of their skin;" (ii) "[i]t will be impossible to get a fair jury in this case, because of the prevalence and ubiquity of Hispanic racism in New Mexico;" (iii) "Ms. Langworthy, whose ancestors founded and built America, believes that people should be able to get civil relief through the courts, regardless of the ability to afford an attorney, and without the requirement of slavish obsequy to the assigned judge; and (iv) "Perhaps the biggest reason that this case should be transferred to a different state is that the judges are embedded in New Mexico and its politics, and the routine facts of Hispanic racism and sexism; the culture of incompetence and inaction; and the practice of ignoring the Americans with Disabilities Act . . . New Mexico is not really part of the United States."

Plaintiff's Motion for Injunction Moving this Case to Neutral State, Doc. 16, filed February 7, 2025 ("Motion for Change of Venue"). Plaintiff requested that this case be transferred to the District of Wyoming.

Judge Khalsa ordered Plaintiff to file a second amended complaint and denied Plaintiff's Motion for Change of Venue stating:

> Plaintiff has not shown that the District of New Mexico is the wrong venue, that this case might have been brought in the District of Wyoming, or that all parties in this case have consented to transfer to the District of Wyoming. *See* 28 U.S.C. § 1391 (an action may be brought in any district in which any defendant resides or in which a substantial part of the acts or omissions giving rise to the claim occurred); 28 U.S.C. § 1406(a) (a district court in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought); 28 U.S.C. § 1404 (for the convenience of parties and witnesses, a district court may transfer an action to any district where it might have been brought or to any district to which all parties have consented). Plaintiff has not cited any legal authority in support of her Motion for Change of Venue. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

Order at 4-5, Doc. 18, filed February 10, 2025.

Plaintiff's Notice of Appeal does not identify the issues on appeal. Plaintiff did, however, subsequently file an Objection in which she raises the issue of Judge Khalsa's authority to enter

2

the Order. *See* Plaintiff's Objection to Rogue Judge Acting Without Jurisdiction, Doc. 23, filed March 5, 2025 ("Objection"). Plaintiff states she "submitted a refusal to consent to her case being heard by a magistrate judge" and that "[t]here's no such thing as a 'random §1915 review.'" Objection at 1. Plaintiff contends that a Section 1915 review is dispositive and, because she has not consented to Judge Khalsa presiding over this case, Judge Khalsa cannot perform a Section 1915 review. *See* Objection at 6.

A Section 1915 review is not dispositive. Section 1915 states that "the court shall dismiss the case at any time if the court determines [among other things] that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Judge Khalsa's Section 1915 review is not dispositive because Judge Khalsa merely identified deficiencies in the Amended Complaint and ordered Plaintiff to file a second amended complaint; Judge Khalsa's Order did not dismiss the case. Judge Khalsa has the authority to identify deficiencies in a complaint and order a plaintiff to show cause why the Court should not dismiss a case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

Plaintiff's argument regarding her refusal to consent to Judge Khalsa hearing matters is mistaken. Rule 73 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636 allow a Magistrate Judge to conduct all proceedings in a civil action "if all parties consent." Fed. R. Civ. P. 73(a); 28 U.S.C. § 636(c)(1). This case was referred to Judge Khalsa only to hear non-dispositive pretrial matters pursuant to Rule 72 of the Federal Rules of Civil Procedure which does not require the parties' consent. *See* Fed. R. Civ. P. 72(a). If a Magistrate Judge is assigned to this case to decide

3

dispositive matters, and if Plaintiff refuses to consent to the presiding Magistrate Judge, an Article III Judge will be assigned to this case.

The Court denies Plaintiff's Motion for leave to appeal *in forma pauperis* because Plaintiff has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505. Federal Rule of Appellate Procedure 24 allows an appellant to file a motion to proceed on appeal *in forma pauperis* with the United States Court of Appeals for the Tenth Circuit even if the District Court denies appellant's motion. *See* Fed. R. App. P. 24(a)(5); *Spearman v. Collins*, 500 Fed.Appx. 742, 743-744 (10th Cir. 2012) ("We have held that 'a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)'") (quoting *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

**IT IS ORDERED** that Plaintiff's Motion to Proceed *IFP* on Appeal, Doc. 24, filed March 12, 2025, is **DENIED.**

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.