IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                                      No. 1:25-cv-00018-KG-KK

COLFAX COUNTY,
THE EIGHTH JUDICIAL DISTRICT COURT and
THE STATE OF NEW MEXICO,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Amended Complaint and Response to Discriminatory Order to Amend, Doc. 22, filed February 26, 2025 ("Second Amended Complaint"), and Plaintiff's Motion for Change of Judge, Doc. 26, filed March 14, 2025.

**Procedural Background**

Plaintiff's original Complaint asserted a due process claim against Defendant Eighth Judicial District Court pursuant to 42 U.S.C. § 1983 and reasonable accommodation claims against Defendants Colfax County and the Eighth Judicial District Court pursuant to Title II of the Americans with Disabilities Act. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1 3, Doc. 5, filed January 8, 2025 ("Complaint").

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that it appears that this case may be duplicative of another case Plaintiff recently filed, *Langworthy v. New Mexico*, No. 1:24-cv-01229-KG-LF ("*Lanworthy I*"), and ordered Plaintiff to show cause why the Court should not dismiss this case as duplicative of *Langworthy I* and to file an amended complaint. *See* Order to Show Cause at 3-5, Doc. 6, filed January 14, 2025.  Judge Khalsa notified Plaintiff that the

amended complaint must comply with the Federal and Local Rules of Civil procedure and quoted Rule 10(b) of the Federal Rules of Civil Procedure which states: "A party must state its claims or defenses in numbered paragraphs." Order to Show Cause at 4-5.

Plaintiff filed an Amended Complaint but did not file a response to the Order to Show Cause. *See* Amended Complaint, Doc. 7, filed January 16, 2025. The paragraphs in the 64-page Amended Complaint are not numbered.

Judge Khalsa ordered Plaintiff to file a second amended complaint and stated:

> The second amended complaint must comply with the Federal and Local Rules of Civil Procedure and must have numbered paragraphs. There are only three Defendants in this case. The second amended complaint shall not exceed 50 pages in length. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) ("The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made."). The second amended complaint must clearly identify each claim Plaintiff is asserting against each Defendant and the facts supporting each claim. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Order for Second Amended Complaint at 2-3, Doc. 18, filed February 10, 2025.

The day after Judge Khalsa ordered Plaintiff to file a second amended complaint, Plaintiff filed a Notice of Appeal seeking interlocutory review of Judge Khalsa's Order for Second Amended Complaint. *See* Notice of Appeal, Doc. 20, filed February 11, 2025. Plaintiff filed her Second Amended Complaint and Motion for Change of Judge while her appeal was pending. The United States Court of Appeals for the Tenth Circuit dismissed the appeal on March 14, 2025, for lack of jurisdiction because Judge Khalsa's Order for Second Amended Complaint is neither a final order nor an order refusing an injunction. *See* Order, Doc. 27, filed March 17, 2025 (Appellate Case No. 25-2019).

**Motion for Change of Judge**

Plaintiff "moves that a district judge be randomly-assigned in this case, as required by law. The Chief Judge is manifestly abusing his discretion by having the case assigned to himself, where he has demonstrated prejudice." Motion for Change of Judge at 1. Plaintiff contends she cannot get fair treatment in this case from a Democrat-appointed and Hispanic Judge.

The undersigned denies Plaintiff's Motion for Change of Judge. Plaintiff incorrectly states that the undersigned assigned this case to himself. This case was randomly assigned to the undersigned. Plaintiff's contention that the undersigned should have this case reassigned to another United States District Judge is without merit. In her Motion to Reopen *Langworthy I*, Plaintiff requested that the undersigned recuse from this case due to the subconscious bias of Hispanic male judges appointed by Presidents Obama and Biden. *See* Motion to Reopen at 3-4, Doc. 9, filed January 3, 2025, in *Langworthy I*. The undersigned explained the legal standard for disqualification, found that Plaintiff had not set forth any factual grounds warranting disqualification, and denied Plaintiff's request that the undersigned recuse from *Langworthy I*. *See* Order Granting Motion to Reopen Case at 3-4, Doc. 10, filed January 8, 2025, *in Langworthy I* (stating "The inquiry [when determining whether to disqualify] is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue") (quoting *United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024)). Plaintiff has not set forth any factual grounds in her Motion for Change of Judge that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality in this case. *See United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) ("Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute [regarding disqualification of Judges,

28 U.S.C. § 455] "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.").

**Order of Dismissal**

>Plaintiffs Second Amended Complaint states:
>
>Plaintiff Geneva Langworthy hereby amends this Complaint to remove any and all claims against the Colfax County Sheriff and its deputies, and against the New Mexico State Police. Ms. Langworthy intends to pursue those claims in a separate cause of action, which already exists. The Defendant preferred to have that case heard in Federal court. Therefore, it spares judicial resources to consolidate all civil rights claims against the Colfax County Sheriff and its deputies, and the New Mexico State Police, in one lawsuit. The County has already consented to be sued.

Second Amended Complaint at 1. The remainder of the Second Amended Complaint contains Plaintiff's Response to Judge Khalsa's Order for a second amended complaint and discusses access to the Court, Judge Khalsa's refusal to disqualify herself, the Americans with Disabilities Act, and case law regarding stating a claim.

The Court dismisses this case for failure to state a claim upon which relief can be granted. Judge Khalsa notified Plaintiff that the Second Amended Complaint must comply with the Federal and Local Rules of Civil Procedure and must clearly identify each claim Plaintiff is asserting against each Defendant and the facts supporting each claim. *See* Fed. R. Civ. P. 8 (a complaint must contain short and plain statements of the grounds for the Court's jurisdiction, showing that the plaintiff is entitled to relief, and a demand for the relief sought). The Second Amended Complaint does not identify any claims Plaintiff is asserting, nor does it allege any facts supporting each claim. Plaintiff's statement in the Second Amended Complaint that she amends her Amended Complaint to remove her claims against the Colfax County and New Mexico State Police Defendants does not remedy the deficiencies in the Amended Complaint. The length of and the un-numbered paragraphs in the 64-page Amended Complaint make it difficult for the remaining

Defendants to determine precisely what material facts support Plaintiff's claims and to file an answer which denies or admits each allegation. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) ("The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made."); Fed. R. Civ. P. 8(b) (requiring that "a party. . . must admit or deny the allegations asserted against it by an opposing party"); *see also Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect")  (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Change of Judge, Doc. 26, filed March 14, 2025, is **DENIED.**

(ii) This case is **DISMISSED without prejudice.**

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.