IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                          No. 1:25-cv-00018-KG-KK

COLFAX COUNTY,
THE EIGHTH JUDICIAL DISTRICT COURT and
THE STATE OF NEW MEXICO,

    Defendants.

## ORDER DENYING MOTION TO REOPEN CASE

After reviewing *pro se* Plaintiff's original Complaint in this case, United States Magistrate Judge Kirtan Khalsa notified Plaintiff that it appears this case may be duplicative of another case Plaintiff recently filed. *See* Order to Show Cause at 3-4, Doc. 6, filed January 14, 2025. Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss this case as duplicative of Plaintiff's other case and to file an amended complaint. Judge Khalsa notified Plaintiff that the amended complaint must comply with the Federal and Local Rules of Civil Procedure and quoted Fed. R. Civ. P. 10(b) which states: "A party must state its claims or defenses in numbered paragraphs." *See* Order to Show Cause at 5.

Plaintiff filed an Amended Complaint but did not file a response to the Order to Show Cause. *See* Amended Complaint, Doc. 7, filed January 16, 2025. The paragraphs in the 64-page Amended Complaint were not numbered.

Judge Kirtan Khalsa ordered Plaintiff to file a second amended complaint and notified Plaintiff that the second amended complaint must comply with the Federal and Local Rules of Civil Procedure and must clearly identify each claim Plaintiff is asserting against each Defendant

and the facts supporting each claim. *See* Order for Second Amended Complaint at 2, Doc. 18, filed February 10, 2025.

Plaintiff filed her Second Amended Complaint on February 26, 2025. *See* Doc. 22. The seven-page Second Amended Complaint does not identify the claims Plaintiff is asserting against each Defendant, does not assert facts supporting Plaintiff's claims and does not state Plaintiff's claims in numbered paragraphs.

The Court dismissed this case for failure to state a claim upon which relief can be granted after noting:

> The Second Amended Complaint does not identify any claims Plaintiff is asserting, nor does it allege any facts supporting each claim. Plaintiff's statement in the Second Amended Complaint that she amends her Amended Complaint to remove her claims against the Colfax County and New Mexico State Police Defendants does not remedy the deficiencies in the Amended Complaint. The length of and the un-numbered paragraphs in the 64-page Amended Complaint make it difficult for the remaining Defendants to determine precisely what material facts support Plaintiff's claims and to file an answer which denies or admits each allegation. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) ("The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made."); Fed. R. Civ. P. 8(b) (requiring that "a party. . . must admit or deny the allegations asserted against it by an opposing party"); *see also Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

Order of Dismissal, Doc. 28, filed March 18, 2025; Final Judgment, Doc. 29, filed March 18, 2025.

Nine days after the Court entered Final Judgment in this case, Plaintiff moved to reopen this case. *See* Motion to Re-Open, Doc. 30, filed March 27, 2025 ("Motion"). The Court construes Plaintiff's Motion as a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment").

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by

>   questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

Plaintiff asserts the following grounds for reopening this case: (i) Judge Khalsa is biased and refused to allow summonses to be issued; (ii) Plaintiff did not consent to Judge Khalsa; and (iii) the undersigned assigned himself to this case because he has a personal bias against Plaintiff and does not want her claims to be heard. *See* Motion at 1-3.

Plaintiff argues that Judge Khalsa "refused to allow the summonses to be issued in [Plaintiff's] cause of action." Motion at 1. Judge Khalsa stated:

>   Plaintiff has filed a Motion for Service, Doc. 11, filed January 27, 2025, an Amended Motion for Service, Doc. 14, filed January 30, 2025, and a Motion to Order Issuance of Summonses, Doc. 15, filed February 3, 2025.
>
>   The Court denies Plaintiff's Motion for Service because Plaintiff has filed an Amended Motion for Service. The Court denies Plaintiff's Amended Motion for Service without prejudice because the Court is ordering Plaintiff to file a second amended complaint and because the Court has an obligation, discussed below, to ensure the inexpensive determination of this case. The Court denies Plaintiff's Motion to Order Issuance of Summonses because it is the Court's obligation pursuant to Rule 4 and Section 1915 to order service. Neither Rule 4 nor Section 1915 specify any time requirement for ordering service. Ordering service, or allowing Plaintiff to serve Defendants, before Plaintiff files the second amended complaint will cause the Court and the Parties to needlessly expend resources. The Court will order service if Plaintiff: (i) files a second amended complaint that states a claim over which the Court has jurisdiction; and (ii) files another motion for service which includes the address of each Defendant named in the second amended complaint.

Order Regarding Service at 3-5, Doc. 18, filed February 10, 2025 (stating: "The Court and the Parties have a responsibility to administer the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action'") (quoting Fed. R. Civ. P. 1). Delaying

service until Plaintiff files a second amended complaint that states a claim over which the Court has jurisdiction is well within the Court's inherent power to manage this case and was not a factor in the Court's decision to dismiss this case. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Plaintiff's assertion that she refused to consent to Judge Khalsa hearing matters is not supported by the Federal Rules of Civil Procedure. The Court previously notified Plaintiff:

> Rule 73 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636 allow a Magistrate Judge to conduct all proceedings in a civil action "if all parties consent." Fed. R. Civ. P. 73(a); 28 U.S.C. § 636(c)(1). This case was referred to Judge Khalsa only to hear non-dispositive pretrial matters pursuant to Rule 72 of the Federal Rules of Civil Procedure which does not require the parties' consent. *See* Fed. R. Civ. P. 72(a).

Order Denying Leave to Appeal In Forma Pauperis at 3, Doc. 25, filed March 14, 2025.

The Court has previously addressed Plaintiff's assertion that the undersigned is biased and assigned this case to himself:

> Plaintiff "moves that a district judge be randomly-assigned in this case, as required by law. The Chief Judge is manifestly abusing his discretion by having the case assigned to himself, where he has demonstrated prejudice." Motion for Change of Judge at 1. Plaintiff contends she cannot get fair treatment in this case from a Democrat-appointed and Hispanic Judge.
>
> The undersigned denies Plaintiff's Motion for Change of Judge. Plaintiff incorrectly states that the undersigned assigned this case to himself. This case was randomly assigned to the undersigned. Plaintiff's contention that the undersigned should have this case reassigned to another United States District Judge is without merit. In her Motion to Reopen *Langworthy I* [*Langworthy v. New Mexico*, No. 1:24-cv-01229-KG-LF], Plaintiff requested that the undersigned recuse from this case due to the subconscious bias of Hispanic male judges appointed by Presidents Obama and Biden. *See* Motion to Reopen at 3-4, Doc. 9, filed January 3, 2025, in *Langworthy I*. The undersigned explained the legal standard for disqualification, found that Plaintiff had not set forth any factual grounds warranting disqualification, and denied Plaintiff's request that the undersigned recuse from

4

> *Langworthy I.* *See* Order Granting Motion to Reopen Case at 3-4, Doc. 10, filed January 8, 2025, *in Langworthy I* (stating "The inquiry [when determining whether to disqualify] is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue") (quoting *United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024)). Plaintiff has not set forth any factual grounds in her Motion for Change of Judge that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality in this case. *See United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) ("Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute [regarding disqualification of Judges, 28 U.S.C. § 455] "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.").

Order of Dismissal at 3-4 (denying Plaintiff's motion that the undersigned have this case reassigned to another United States District Judge).

The Court dismissed this case because the Second Amended Complaint failed to state a claim. Plaintiff states she "has viable and justiciable issues to be heard and resolved by a court and jury [and] She has already presented a claim which is plausible on its face." Motion at 2. Plaintiff has not, however, shown that her Second Amended Complaint states a claim over which the Court has jurisdiction. Consequently, Plaintiff has not shown that dismissal of this case was clearly erroneous.

**IT IS ORDERED** that Plaintiff's Motion to Re-Open, Doc. 30, filed March 27, 2025, is **DENIED.**

/s/ KENNETH J. GONZALES[1]  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.