# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

       Plaintiff,

v.                                      No. 1:25-cv-00018-KG-KK

COLFAX COUNTY,
EIGHTH JUDICIAL DISTRICT COURT and
STATE OF NEW MEXICO,

       Defendants.

## ORDER TO SHOW CAUSE REGARDING RESTRICTED DOCUMENT

Plaintiff filed a document "Ex Parte" which restricts access to that document to Court users and Plaintiff. *See* Plaintiff's Objection to Rogue Judge Acting Without Jurisdiction and Motion for Chief Judge to Order Re-Assignment, Doc. 23, filed March 5, 2025 ("Objection and Motion").

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014).  Plaintiff has not shown a real and substantial interest that justifies depriving Defendants and the public of access to the Objection and Motion.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not remove the restrictions on Plaintiff's Objection to Rogue Judge Acting Without Jurisdiction and Motion for Chief Judge to Order Re-Assignment, Doc. 23, filed March 5, 2025.  Failure to timely show cause may result in the Court removing the restriction and making the document accessible to the public.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**